UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TOMMY W. THOMPSON (#101990)

VERSUS                                              CIVIL ACTION

D. VANNOY, ET AL                                    NUMBER 14-192-SDD-SCR

## **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 20, 2015.

                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TOMMY W. THOMPSON (#101990)

VERSUS                                              CIVIL ACTION

D. VANNOY, ET AL                                    NUMBER 14-192-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to serve the defendants within the time allowed by Rule 4(m), Fed.R.Civ.P.  Record document number 13.

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Darrel Vannoy, Dr. Robert Cleveland, Lt. F. Moore, Lt. Ellis, Maj. Babin, Terry Grady, nurse Travis and Leslie Schmidt.[1]  Plaintiff alleged that the defendants were deliberately indifferent to his health when they exposed him to the secondary effects of a chemical agent in violation of his constitutional rights.

Plaintiff was ordered to show cause on January 9, 2015, why the complaint should not be dismissed for failure to serve the defendants within the time allowed by Rule 4(m), and was placed on notice that the failure to comply with the order may result in the

---

[1] Record document number 5, Amended Complaint.

dismissal of the complaint without further notice. Plaintiff failed to respond to the order to show cause.

Under Rule 4(m) a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id*.

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id*. In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id*. (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)). It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Id*. at 1305-06.

An incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for

failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, if the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will be unable to show good cause for such failure. *Id*.

Summons were issued on April 30, 2014, and on May 15, 2014, the United States Marshal sent the plaintiff a Process Receipt and Return Form USM-285 with instructions to complete and return the single form. As explained in the show cause order, the U.S. Marshal requires only a single Form USM-285 to serve defendants employed by the Louisiana Department of Public Safety and Corrections. Instead of completing the Form USM-285 as directed and returning it to the U.S. Marshal, on May 21, 2014, the plaintiff sent correspondence to the U.S. Marshal requesting 10 additional USM-285 forms. The Marshal did not respond to the request because there was no need for the plaintiff to provide more than the one form already sent to him. Despite notice to the plaintiff in the show cause order that the U.S. Marshal needs only a single completed Form USM-285, the plaintiff still has not provided the completed form.

The record evidence supports a finding that the failure to timely effect service was due to the "dilatoriness or fault" of the plaintiff and that the plaintiff has not shown good cause for

3

failure to timely effect service.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for failure to timely serve the defendants pursuant to Rule 4(m), Fed.R.Civ.P., and this action be dismissed.

Baton Rouge, Louisiana, February 20, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE